BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN -9 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE HIGHWAY ACCIDENT NEAR ROCKVILLE,
CONNECTICUT, ON DECEMBER 30, 1972

DOCKET NO. 191

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III , AND STANLEY A. WEIGEL , JUDGES OF THE PANEL

PER CURIAM

    While traveling through Connecticut en route to Boston, Massachusetts, the automobile driven by Paul Franklin and occupied by his wife and two daughters crashed into a truck. The driver of the truck allegedly stopped in the travelled portion of the highway after a third vehicle, which had previously gone out of control, came across the highway. Paul Franklin and his wife died as a result of the collision and his two daughters suffered serious injuries.

    Two actions were thereafter instituted by one of the surviving daughters on her own behalf and in her representative capacities:  one in the Eastern District of New York against the lessee of the truck involved in the collision and one in the District of Connecticut against the owner of the truck,

its driver and the driver of the third vehicle. Plaintiff moves the Panel for an order transferring the Connecticut action to the Eastern District of New York for coordinated or consolidated pretrial proceedings with the action pending there. No opposition to the motion has been received from any of the defendants. Notwithstanding the lack of opposition, we find insufficient basis for transfer under Section 1407 and accordingly, deny the motion.[1]

Movant contends that in order to spare the parties the burden of litigating the same facts twice and to promote judicial economy, the interests of justice require transfer of the Connecticut action to the Eastern District of New York for coordinated or consolidated pretrial proceedings with the action pending before the Honorable Orrin G. Judd in that district. She notes that Judge Judd has in depth knowledge of the facts involved since he has already conducted three pretrial conferences in the action before him.

The fact that these two actions arise from the same disaster does not ipso facto mean that their coordination or consolidation under Section 1407 is appropriate. Before transfer will be ordered, the Panel must be satisfied that all of the statutory criteria have been met. We are not persuaded that the requested transfer will serve the convenience of the parties and their witnesses or necessarily

---

[1]  Movant informed the Panel of her desire to waive oral argument and, without opposition, the question of transfer of these actions under 28 U.S.C. §1407 was submitted for decision.

promote the just and efficient conduct of this litigation. We recognize that some common questions of fact exist between these actions, but find that the possibility of duplicative discovery in this litigation is more illusory than real.

The only defendant in the New York action is the lessee of the truck and its liability is predicated on a respondeat-superior theory. Hence, its liability primarily depends upon proof of whether the driver of the truck, a defendant in the Connecticut action, was negligent in stopping his vehicle on the highway. And plaintiff's discovery concerning the truck driver's alleged negligence will, necessarily, be elicited from the driver himself. Although this same discovery will be vital to plaintiff in her Connecticut action against the truck driver, there appears no reason why the discovery need take place twice and plaintiff has offered none. <u>Cf.</u> <u>Manual for Complex Litigation,</u> Part 1, §3.11 (rev.ed. 1973). Moreover, since the plaintiff in the two actions, in her individual and representative capacities, is the same, there is no reason why defendants cannot cooperate to avoid duplication of the discovery sought of her. Thus, suitable alternatives to a Section 1407 transfer are available to the parties in this litigation.

There is an additional and equally compelling reason for denying the requested transfer. In our view, plaintiff's request for transfer is not motivated by a desire to achieve

the purposes for which Section 1407 was designed, but rather, by a desire to circumvent obstacles of personal jurisdiction which necessitated her institution of two separate actions. Although the propriety of in personam jurisdiction in a proposed transferee district is not a criterion in considering transfer of actions to that district under Section 1407, it appears that in this particular litigation plaintiff's ulterior motive for seeking transfer amounts to an attempted misuse of the statute. See In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-256 (J.P.M.L. 1969) (Weigel, J., concurring); In re Truck Accident Near Alamagordo, New Mexico, on June 18, 1969, ___ F. Supp. ___ (J.P.M.L., filed JAN. 9 1975).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 191 |

### EASTERN DISTRICT OF NEW YORK

Helene T. Franklin, etc. v. Nelson Freightways, Inc. v. Marilyn C. Shieber — Civil Action No. 73 Civ. 762

### DISTRICT OF CONNECTICUT

Helene T. Franklin, etc. v. Olsen W. Lewis d/b/a Lewis & Son Leasing — Civil Action No. H-74-174